UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

ELENA WRIGHT,
As Parent and Legal Guardian of
STEPAN WRIGHT, a Minor

    Plaintiff,

v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES, INC.,
a Foreign Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ELENA WRIGHT as parent and Legal Guardian of STEPAN WRIGHT, a Minor, (hereinafter "Plaintiff"), sues Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, INC., (hereinafter "Defendant"), and alleges:

### PRELIMINARY ALLEGATIONS

1. Plaintiff, ELENA WRIGHT, is a citizen of Virginia Beach, Virginia. Plaintiff, ELENA WRIGHT, is the parent and Legal Guardian of Plaintiff, STEPAN WRIGHT, a Minor, also a resident of Virginia Beach, Virginia.

2. Defendant, CARNIVAL CORPORATION is a foreign entity incorporated in Panama.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 USC §1332 and involves diversity of citizenship under 28 USC §1332. Alternatively, in the event this matter does not come under the Diversity Jurisdiction of the Court, then this matter is being brought under the Admiralty and Maritime Jurisdiction of the Court pursuant to 28 USC §1333.

4. At all times material hereto, Defendant, personally or through an agent:

   a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;
   b. Was engaged in substantial and not isolated activity within this state;
   c. Purposefully availed itself of the benefits of conducting activities within Florida by purposefully directing its activities in and toward the state, thus obtaining the benefits and protections of the state's laws;
   d. Committed one or more of the acts stated in Fla.Stat. §§48.081, 48.181, or 48.193;
   e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;
   f. Operated vessels in the waters of this state;
   g. Defendant was engaged in the business of providing to the public and Plaintiff in particular, for compensation, vacation cruises aboard the Carnival Magic.

5. Defendant is subject to the jurisdiction of the courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

7. At all times material hereto, Defendant owned, operated, managed, maintained, and/or controlled the Carnival Magic.

8. At all times material hereto, Defendant had exclusive custody and control of the Carnival Magic.

9. On or about December 24, 2019, Plaintiffs were fare-paying passenger aboard Carnival Magic which was in navigable waters.

10. On or about December 24, 2019, the Plaintiff, STEPAN WRIGHT, was a fifteen (15) year old minor. At approximately 11:20 PM he was enjoying himself in Club 02, the Defendant's designated club for individuals over eighteen (18). The Plaintiff had formerly been enjoying himself in Club Circle C, the Defendant's designated club for minors between ages fifteen (15) and seventeen (17).

11. No one had been checking ages and/or identifications of individuals entering Club 02, thus the Plaintiff was able to enter the club, even though he wasn't old enough.

12. At that time there were approximately ten (10) to fifteen (15) other individuals in Club 02, including the Plaintiff, who were throwing confetti around.

13. At one point the Plaintiff, while throwing confetti, blew confetti onto another individual, an Ege Sevic.

14. Sevic, the assailant, became offended and proceeded to kick the Plaintiff in the groin, repeatedly punch the Plaintiff in the face, slam the Plaintiff's head against the wall, and push the Plaintiff in the chest.

15. As such the Plaintiff was severely injured when he entered Club 02, a Club which he was not old enough to enter but was allowed to enter due to the Defendant's lax security measures. Furthermore, Plaintiff was injured as there was no security in the Club 02 at all to monitor young individuals and their behavior in the club.

16. At the time of the Plaintiff's cruise, Defendant owed its passengers, including the Plaintiff, STEPAN WRIGHT, a duty of reasonable care which included but was not limited to appropriate security measures to control patrons in Club 02 and to make sure individuals only of the appropriate age were to enter Club 02.

17. At the time of the Plaintiff's cruise, Defendant knew, or in the exercise of reasonable care, should have known of the dangers of having no security in Club 02.

18. As a result the Plaintiff, STEPAN WRIGHT, suffered a severe concussion which has caused him fatigue, headaches, sleep disturbances, irritability, concentration problems, memory issues, and balance issues / dizziness.

19. All conditions precedent to the maintenance of this action have been performed, or, alternatively, have been waived.

## COUNT I – NEGLIGENCE

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through nineteen (19) as though fully alleged herein.

20. At all times material, Defendant owed Plaintiff a duty of reasonable care under the circumstances. *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 79 S.Ct. 406

(1959); *Everett v. Carnival Cruise Lines, Inc.,* 912 F.2d 1355 (11th Cir. 1990); *Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318 (11th Cir. 1989), *on remand,* 715 F.Supp. 1069 (M.D.Fla. 1989).

21. On or about December 24, 2019 , Defendant, and/or its agents, employees, and/or servants breached its/their duty to provide Plaintiff with reasonable care under the circumstances.

22. On or about December 24, 2019, Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, employees, and/or servants as follows:

  a. Failure to exercise reasonable care for Plaintiff's safety; and/or

  b. Failure to take steps as a result of prior similar incidents to reduce and/or prevent the type of accident the Plaintiff suffered from happening; and/or

  c. Failing to have appropriate security in the "Club" where the incident occurred at all times; and/or

  d. Failing to appropriately monitor entry of individuals and minors into the "Club" at all times so that individuals of the incorrect age would not be able to enter the premises; and /or

  e. Failing to appropriately train its security staff, not limited to but including, in implementing measures to control the "Club" including training to secure the "Club" itself, as well as monitor the entry of individuals into the "Club"; and/or

  f. Other acts of negligence not yet determined but to be determined through discovery.

23. Defendant created the foregoing conditions causing Plaintiff's accident.

24. Alternatively, Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

25. The conditions created and/or known to Defendant occurred with sufficient regularity so as to be reasonably foreseeable to Defendant.

26. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain both past and future, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing

conditions; incurred medical expenses in the care and treatment of Plaintiff's injuries both past and future; and suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant, interest as permitted by law, and demands a trial by Jury.

DATE: October 1st, 2021

Respectfully submitted,

/s/ *Louis A. Vucci, Esq.*
Louis Vucci, Esq.,
Fla. Bar No.:131581
Louis@thevuccilawgroup.com
Louis A. Vucci, PA
Attorney for the Plaintiff
1 S.E. 3rd Avenue, Suite 3020
Miami, Florida 33131
Tel. (305) 573-0125
Facsimile (786) 536-7799